UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

MADISON DUROW,
an individual,

       Plaintiff,

vs.                                            CASE NO.: 1:24-CV-24742-KMW

GENERAL MOTORS LLC,

       Defendant.
_____/

**DEFENDANT GENERAL MOTORS LLC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND MEMORANDUM OF LAW**

Defendant, General Motors LLC ("GM") hereby moves to dismiss Plaintiff Madison Durow's ("Plaintiff") Complaint for failing to add an indispensable party pursuant to Rules 12 and 19 of the Federal Rules of Civil Procedure. In support thereof, GM states:

**INTRODUCTION**

Plaintiff filed this lawsuit against GM arising from alleged dissatisfaction with the repairs to a 2024 Chevrolet Camaro bearing Vehicle Identification Number **************5556 ("subject vehicle") that was purchased from Dadeland Automotive, LLC in Miami, Florida. On the Retail Installment Sales Contract attached as Exhibit "A" to Plaintiff's Complaint, Skye Adjusting LLC is listed as the buyer of the subject vehicle. *See* [D.E. 1-3]. However, Skye Adjusting LLC is not a party to this action and the Complaint does not contain any allegations regarding a transfer of Skye Adjusting LLC's interest in the subject vehicle to Plaintiff. *See* [D.E. 1].

## **ARGUMENT AND MEMORANDUM OF LAW**

A court may dismiss a complaint based upon the failure to join an indispensable party. *See* Fed. R. Civ. P. 12(b)(7). In addition, a court may require a "person to be joined as a party if that person [or entity] has a legal interest in the subject matter of the case," and failing to join that person or entity "would 'leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.'" *Rook v. First Liberty Insurance Corporation*, 591 F.Supp.3d 1178, 1179 (N.D. Fla. March 15, 2022) *citing* Fed. R. Civ. P. 19(a)(1)(B)(ii); *Ship Const. & Funding Services (USA), Inc. v. Star Cruise PLC*, 174 F.Supp.2d 1320, 1325 (S.D. Fla. November 21, 2001); *see also Gonzalez v. MI Temps of Florida Corp.*, 664 So. 2d 17, 18 (Fla. 4th DCA 1995) ("An indispensable party is one whose interest in the subject matter of the action is such that if he is not joined, a complete and efficient determination of the equities and rights and liabilities of the other parties is not possible.") Owners of property subject to a lawsuit are indispensable parties. *See generally Marson v. Comisky*, 341 So. 2d 1040, 1040-1041 (Fla. 4th DCA 1977) (husband and wife co-owners of real property were both indispensable parties in a claim for a mechanic's lien). Moreover, a court is "not limited to the facts alleged in the pleadings when considering a motion to dismiss for failure to join an indispensable party…" *Rook*, 591 F.Supp.3d at 1179.

Here, Sky Adjusting LLC is an indispensable party as the purchaser (and likely owner) of the subject vehicle. *See* [D.E. 1-3]. To the extent that Plaintiff's Complaint's allegations conflict with the exhibit, *i.e.* the Retail Installment Sales Contract attached as Exhibit "A" to Plaintiff's Complaint, the exhibit should control. *Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016). Moreover, the Complaint itself does not contain any allegation that Sky Adjusting LLC transferred title to Plaintiff and/or Plaintiff's role with Sky Adjusting LLC. *See* [D.E. 1]. Any

claim concerning the rights and obligations which arise under the warranty covering the subject vehicle will directly impact Skye Adjusting LLC.  Further, disposition of this action in Skye Adjusting LLC's absence may leave GM subject to a substantial risk of incurring double or inconsistent obligations by reason of Skye Adjusting LLC's interest.  Accordingly, because Skye Adjusting LLC is the buyer (and likely owner) of the subject vehicle, it is an indispensable party to this action, and the Complaint should be dismissed for failure to join Skye Adjusting LLC.

**WHEREFORE**, Defendant General Motors LLC respectfully requests that this Court enter an Order dismissing Plaintiff's Complaint for failure to join an indispensable party, and for such other relief as this Court deems just and proper.

## CERTIFICATE OF COMPLIANCE

**LOCAL RULE 7.1(a)(2) CERTIFICATION:** Undersigned counsel has attempted via email on December 9, 2024 and December 16, 2024 to resolve the issues addressed herein with Plaintiff's counsel and has been unable to do so.

Respectfully submitted,

s/Jens C. Ruiz
JENS C. RUIZ
Florida Bar No. 96119
Primary Email:    jruiz@rumberger.com
Secondary Email: jruizsecy@rumberger.com
                 docketingmiami@rumberger.com
RUMBERGER, KIRK & CALDWELL, P.A.
Post Office Box 1873
Orlando, Florida  32802-1873
Telephone:  (407) 872-7300
*Attorneys for Defendant General Motors LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 23, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: **Joshua Feygin, Sue your Dealer – A Law Firm at josh@jfeyginesq.com [Counsel for Plaintiff].**

s/*Jens C. Ruiz*
JENS C. RUIZ
Florida Bar No. 96119
Primary Email:     jruiz@rumberger.com
Secondary Email: jruizsecy@rumberger.com
                              docketingmiami@rumberger.com
RUMBERGER, KIRK & CALDWELL, P.A.
Post Office Box 1873
Orlando, Florida  32802-1873
Telephone:  (407) 872-7300
*Attorneys for Defendant General Motors LLC*