UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No.: 1:24-cv-24742-KMM

MADISON DUROW,
An individual,

    Plaintiff,
v.

GENERAL MOTORS, LLC,
A foreign limited liability company,

    Defendant.
_____/

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

Plaintiff, MADISON DUROW, by and through undersigned counsel submits this response in opposition to Defendant, GENERAL MOTORS, LLC's Motion to Dismiss [DE 10] and in support thereof states as follows:

**BACKGROUND**

On or about December 4, 2024, Plaintiff commenced the instant breach of warranty action pursuant to the Magnusson Moss Warranty Act. [DE No. 1]. On or about December 23, 2024, Defendant filed its Motion to Dismiss the Plaintiff's Complaint premised upon the Plaintiff's purported failure to join an indispensable party. [DE 10]. Defendant's threadbare motion fails to meet the requisite burden to show that it is entitled to the relief it seeks which mandates denial of the Motion for the reasons more particularly set forth below.[1]

**LEGAL ARGUMENT**

---

[1] To the extent the Defendant attempts to cure this defect by way of introducing new arguments in its Reply, the same should be rejected by the Court. Arguments not properly presented in a party's initial brief or raised for the first time in a reply brief are deemed waived *In re Egidi,* 571 F.3d 1156, 1163 (11th Cir. 2009).

### i.     Defendant has not shown the absent party is required.

The term "indispensable" is not an a *priori* classification. *Kaloe Shipping Co., Ltd. v. Goltens Serv. Co., Inc.*, 315 Fed. App'x 877 (11th Cir. 2009). The application of Rule 12(b)(7), mandates "a 'two-step inquiry.'" *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1344 (11th Cir. 2011)).

The first step involves a showing by the movant that the absent party qualifies as a "required" party under Federal Rule of Civil Procedure 19(a). *State Farm Mut. Auto. Ins. v. Performance Orthopaedics & Neurosurgery, LLC*, 278 F. Supp. 3d 1307, 1331 (S.D. Fla. 2017). A party is deemed required under Rule 19(a)(1)(A) if the Court "cannot accord complete relief" among the existing parties without the absent party's presence. Alternatively, under Rule 19(a)(1)(B), an absent party is required if it "claims an interest relating to the subject of the action," and its absence would either (a) impede its ability to protect that interest or (b) expose an existing party to a "substantial risk of incurring double, multiple, or otherwise inconsistent obligations." *Winn-Dixie Stores, Inc. v. Dolgencorp, LLC*, 746 F.3d 1008, 1039 (11th Cir. 2014).

The movant bears the burden of demonstrating the nature of the unprotected interests of the absent party and how those interests meet the criteria outlined in Rule 19(a). *W. Peninsular Title Co. v. Palm Beach Cnty.*, 41 F.3d 1490, 1492 (11th Cir. 1995). Additionally, the movant must establish that the absent party is subject to service of process and that its joinder would not deprive the Court of subject matter jurisdiction. *Maletta v. Woodle*, No. 2:20-cv-1004-JES-MRM, 2021 U.S. Dist. LEXIS 127190, at *4 (M.D. Fla. July 8, 2021). Without meeting these burdens, the movant cannot show that the absent party is *required* under Rule 19.

If and when the court determines that the absent party is a required party, and "[i]f . . . joinder is feasible, '[m]isjoinder of parties is not a ground for dismissing an action,' and the [c]ourt

may add the party at any time." PETA, 2018 WL 7253076, at *7 (quoting Fed. R. Civ. P. 21). But, if joining the "required party" is not feasible, then the court moves to the second step and applies the factors in Rule 19(b) to determine whether "in equity and good conscience, the action should proceed among the existing parties or should be dismissed." *Raimbeault v. Accurate Mach. & Tool, LLC*, 302 F.R.D. 675, 683 (S.D. Fla. 2014) (*citing* Fed. R. Civ. P. 19(b); and *Challenge Homes, Inc. v. Greater Naples Care Ctr., Inc.*, 669 F.2d 667, 669 (11th Cir. 1982)).

Here, Defendant has failed to demonstrate that the absent party, Skye Adjusting LLC, is a required party under the applicable legal standard. Defendant has made no showing that this Court cannot accord complete relief among the existing parties without the absent party's presence. Defendant's vague and conclusory assertion that "[a]ny claim concerning the rights and obligations which arise under the warranty covering the subject vehicle will directly impact Skye Adjusting LLC" (Motion at 2-3) lacks any substantive basis for the Court to conclude that the absence of this party would "impede the absent party's ability to protect that party's interest." *Winn-Dixie Stores, Inc.*, 746 F.3d at 1039.

Similarly, Defendant's cursory claim that "disposition of this action in Skye Adjusting LLC's absence may leave GM subject to a substantial risk of incurring double or inconsistent obligations by reason of Skye Adjusting LLC's interest" (Motion at 3) is equally deficient. This formulaic statement fails to articulate how any such risk of inconsistent obligations would arise or what those obligations might entail. As the Eleventh Circuit has clarified, "[i]nconsistent obligations occur when a party is unable to comply with one court's order without breaching another court's order concerning the same incident." *Winn-Dixie Stores, Inc.*, 746 F.3d at 1040. Defendant's single-sentence analysis does nothing to establish this critical element.

Moreover, Defendant has completely neglected to demonstrate that Skye Adjusting LLC is subject to service of process and that its joinder would not deprive this Court of subject matter jurisdiction. This failure is fatal. *See Maletta*, 2021 U.S. Dist. LEXIS 127190, at *4.

At bottom, Defendant's assertions are conclusory, unsupported by facts, and insufficient to meet its burden of proving that Skye Adjusting LLC is a required party. As a result, the Court need not consider the second step of the analysis and denial of the Motion is appropriate.

## CONCLUSION

For all the above reasons, this Court should deny Defendant's Motion. To the extent the Court finds any merit in the arguments made by Defendant, Plaintiff respectfully requests leave to amend the complaint. The Federal Rules of Civil Procedure direct the court to "freely give leave to amend when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962) ("Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded.") (citation omitted).

Dated: January 18, 2025

    Respectfully submitted,

    /s/ Joshua E. Feygin
    JOSHUA FEYGIN, ESQ.
    FL Bar No.: 124685
    Email:  Josh@Sueyourdealer.com
    **SUE YOUR DEALER – A LAW FIRM**
    1930 Harrison St, Suite 208F
    Hollywood, FL 33020
    Tel: (954) 228-5674
    Fax: (954) 697-0357
    *Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on January 18, 2025, I electronically filed the foregoing document with the Clerk of Court for the U.S. District Court, Southern District of Florida, using the CM/ECF system, and that the foregoing document was served electronically to the following counsel of record:

Jens C. Ruiz, Esq.
FL Bar Number: 96119
Rumberger Kirk & Caldwell
80 SW 8 Street
Suite 3000
Miami, FL 33130
Telephone: 305-358-5577
Email: jruiz@rumberger.com

                                            */s/ Joshua E. Feygin*
                                            JOSHUA FEYGIN, ESQ.
                                            FL Bar No.: 124685