UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No.: 1:24-cv-24742-KMM

MADISON DUROW,
An individual,

    Plaintiff,
v.

GENERAL MOTORS, LLC,
A foreign limited liability company,

    Defendant.
_____/

## JOINT SCHEDULING REPORT

Plaintiff Madison Durow and Defendant General Motors LLC, pursuant to Rule 16.1(b) of the Local Rules for the Southern District of Florida (S.D. Fla. L.R.") and the Court's December 6, 2024 Order Requiring Scheduling Report [D.E. 6], undersigned counsel met on January 28, 2025, and hereby submit this Joint Scheduling Report.

**(A)**      **Likelihood of Settlement:** The parties have discussed the possibility of settlement. The parties are presently reviewing each respective party's claims and defenses and will continue to make a good faith effort to settle. Should the matter be settled, the parties shall promptly notify the Court.

**(B)**      **Likelihood of Appearance in the Action of Additional Parties:** At this time, Defendant General Motors LLC has a pending Motion to Dismiss due to Plaintiff Madison Durow's failure to add an indispensable party, Skye Adjusting LLC.

**(C)**      **Discovery:**     The parties currently intend to seek discovery with respect to all allegations contained in the Complaint and any amendments, and with respect to any Answer, defenses

and affirmative defenses filed by Defendant General Motors. The parties consent to receive discovery requests and responses via e-mail, pursuant to FED. R. CIV. P. 5(b)(2)(E). The parties do not believe that discovery should be conducted in phases.

**(D)** **Electronically stored information:** At this time, the parties do not anticipate that ESI production will be necessary. However, if at a later date, ESI production appears to be necessary, the parties will confer at that time to reach an agreement on ESI production protocol and specifications.

**(E)** **Privilege and trial preparation material**s: The parties agree that the standard procedures contained in FED. R. CIV. P. 26(b) and other governing rules will govern any claims asserted by the parties. If information produced in discovery is subject to a claim of privilege or of protection as trial-preparation material, the parties agree to fully comply with the Federal Rules of Civil Procedure including Rule 26(b)(5)(B) concerning return, sequestration, preservation and destructions of the information.

**(F)** **Limitations on discovery:** The parties do not anticipate any changes or limitations on the scope of discovery provided in FED. R. CIV. P. 26(b) or other governing rules except that 10 hours shall be allowed for each expert witness deposition.

**(G)** **Any other orders:** The parties do not anticipate the need for the court to issue any other orders pursuant to FED. R. CIV. P. 26(c) or Local Rule 16, at this time. However, in the event that confidential and/or proprietary information is needed to be disclosed by the parties, they may seek a protective order pursuant to FED. R. CIV. P. 26(c)(1)(G).

**(H)** **Discovery Schedule:** The Parties propose the following pretrial discovery schedule, which is based on the Standard Case Management track 16.1(a)(2):

| Date: | Action: |
|---|---|
| February 24, 2025 | Rule 26(a)(1)(A) Initial Disclosures (if not provided earlier). |
| February 24, 2025 | Deadline to designate a mediator and to schedule a time, date, and place for mediation. |
| May 30, 2025 | Deadline for joinder of additional parties, amended pleadings, and motions for class certification. |
| September 12, 2025 | Deadline for parties to furnish an Expert Witness List of all primary/initial expert witnesses intended to be called at trial and only those primary/initial expert witnesses listed shall be permitted to testify. The parties shall also furnish opposing with expert reports or summaries of its expert witnesses' anticipated testimony in accordance with Fed. R. Civ. P. 26(a)(2) to opposing counsel. Within the 30-day period following this disclosure, the parties shall make their experts available for deposition. |
| October 24, 2025 | Deadline for parties to furnish a Rebuttal/Responsive Expert Witness List of all rebuttal/responsive expert witnesses intended to be called at trial and only those primary/initial expert witnesses listed shall be permitted to testify. The parties shall also furnish opposing with expert reports or summaries of its expert witnesses' anticipated testimony in accordance with Fed. R. Civ. P. 26(a)(2) to opposing counsel. Within the 30-day period following this disclosure, the parties shall make their experts available for deposition. |
| December 5, 2025 | All discovery shall be completed. |
| January 9, 2026 | All Pretrial Motions, including summary judgment motions, Daubert motions and motions *in limine* shall be filed. |
| January 16, 2026 | Deadline to complete Mediation. |
| February 13, 2026 | Joint Pretrial Stipulation shall be filed. Designations of deposition testimony shall be made. Parties shall also exchange Rule 26(a)(3) witness and exhibit lists. |
| February 20, 2026 | Objections to designations of deposition testimony shall be filed. Late designations shall not be admissible absent exigent circumstances. |

| | |
|---|---|
| February 20 , 2026 | Deadline for Final Proposed Jury Instructions and/or Proposed Findings of Fact and Conclusions of Law. |
| March 16, 2026 | Trial Date. |

**(I)** **Proposals for Formulation and Simplification of Issues, including the elimination of frivolous claims or defenses and the number and timing of motions for summary judgment or partial summary judgment:** At this time, the parties do not have any proposals for the formulation and simplification of any issues. As the case progresses, the parties will, if appropriate, in good faith, confer to discuss proposals for the formulation and simplification of issues in this case.

**(J)** **Necessity or Desirability of Amendments to Pleadings:** Unknown at this time. However, Defendant General Motors LLC has a Motion to Dismiss pending seeking to add an indispensable party.

**(K)** **Admissions and Stipulations Which Will Avoid Unnecessary Proof of Documents, Electronically Stored Information or things and the need for advance rulings from the Court on Admissibility of Evidence:** The parties will work together to obtain admissions and stipulations that will avoid unnecessary proof and presentation of cumulative evidence at trial. The parties will confer prior to trial to stipulate to the authenticity and admissibility of certain documentary evidence. The parties will also confer to stipulate to undisputed facts relevant to the issues involved in this case. The parties shall utilize the required joint pretrial stipulation for this purpose. At this time, the parties do not anticipate that extensive ESI production will be necessary or will require court intervention. However, if at a later date, ESI production procedures appear to be necessary, the parties will confer at that time to reach an agreement on ESI production protocol and

specifications. None of the parties believe that there is a need for advance rulings on the admissibility of evidence.

**(L)** **Suggestions for the Avoidance of Unnecessary Proof and of Cumulative Evidence:** The parties will litigate this case efficiently. The parties agree to consider stipulations, including those regarding the authenticity and admissibility of documents and undisputed facts, in order to narrow the issues for trial.

**(M)** **Preliminary Estimate of the Time Required for Trial:** The parties believe this matter will require 3-4 days of trial.

**(N)** **Pretrial Conference and Trial Dates:** The pre-trial conference is scheduled for February 20, 2026 and trial is scheduled to commence on or after March 16, 2026. The parties request a jury trial.

**(O)** **Other Information Helpful to the Court in Setting the Case for Status or Pretrial Conference:** At this time, the parties are unaware of any other information that might be helpful to the Court in setting the case for status or pretrial conference.

**Additional information requested by the Court's Order:**

(1) **Do the Parties Consent to the Magistrate Judge deciding on Motions for Costs, Motions for Attorney's Fees and Motions for Sanctions:** The parties consent to having the United States Magistrate Judge deciding motions for costs, motions for attorney's fees and motions for sanctions.

(2) **Do the Parties Consent to A Full Disposition of the Case by the Magistrate Judge, Including Trial and Entry of Final Judgment:** The parties respectfully object to having the United States Magistrate Judge conduct the trial and entry of final judgment.

*/s/ Joshua E. Feygin*
JOSHUA FEYGIN, ESQ.
FL Bar No.: 124685
Email:  Josh@sueyourdealer.com
SUE YOUR DEALER – A LAW FIRM
1930 Harrison Street Suite 208F
Hollywood, Florida 33020
Tel: (954) 228-5674
Fax: (954) 697-0357
***Counsel for Plaintiff, Madison Durow***

*/s Jens C. Ruiz*
Jens C. Ruiz, Esq.
FL Bar Number: 96119
**Rumberger Kirk & Caldwell**
80 SW 8 Street
Suite 3000
Miami, FL 33130
Telephone: 305-358-5577
Email: jruiz@rumberger.com
***Counsel for Defendant, General Motors, LLC.***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this **29th** day of January, 2025, I electronically caused the foregoing document to be filed with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record in the manner specified via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Jens Ruiz*
Jens C. Ruiz, Esq.

20175802.v1