**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

Case No.: 1:24-cv-24742-KMM

SKYE ADJUSTING, LLC,
A Florida limited liability company, and
MADISON DUROW,
an individual,

Plaintiffs,

v.

GENERAL MOTORS, LLC,
A foreign limited liability company,

Defendant.

_____/

## AMENDED COMPLAINT AND JURY TRIAL DEMAND

Plaintiffs, SKYE ADJUSTING, LLC, a Florida limited liability company ("Skye Adjusting") and MADISON DUROW ("Ms. Durow")(Skye Adjusting and Ms. Durow may be referred to collectively as the "Plaintiffs"), by and through undersigned counsel, sue Defendant, GENERAL MOTORS, LLC ("Manufacturer"), for violations of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 et seq. ("MMWA"), for defects associated with a 2024 Chevrolet Panther Camaro with a vehicle identification number ("VIN") ending in 5556 ("vehicle" or "subject vehicle"), which was warranted by Manufacturer and sold in a defective condition in this district.

### STATEMENT OF JURISDICTION AND VENUE

1. Plaintiff Madison Durow is an individual residing in Polk County, North Carolina.

2. Plaintiff Skye Adjusting is a Florida limited liability company with its principal place of business in Florida.

3. Manufacturer is a corporation qualified to do and regularly conducting business in

the State of Florida, with a registered principal place of business located at 300 Renaissance Center, Detroit, Michigan 48265.

4. Manufacturer is engaged in the manufacture, sale and distribution of motor vehicles and related equipment and services throughout the State of Florida.

5. Manufacturer is also in the business of marketing, supplying and selling written warranties to the public at large through a system of authorized dealerships, including the dealership where the vehicle was purchased.

6. Manufacturer maintains a continuous and systematic presence in this District through its network of authorized dealerships, service centers, and marketing operations, including the dealership that sold the subject vehicle.

7. Manufacturer purposefully availed itself of the laws and protections of Florida by advertising, distributing, and warranting vehicles, including the subject vehicle, within this District.

8. The vehicle at issue was sold pursuant to a contract executed within this District, and the express warranty was offered and intended to be enforced within the same.

9. Manufacturer, through the stream of commerce, introduced the vehicle into the Florida market with the expectation that it would be purchased and used in this District.

10. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331, because the action arises under the laws of the United States, specifically, the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 et seq., and meets the jurisdictional requirements under 15 U.S.C. § 2310(d)(1)(B), as the amount in controversy exceeds $50,000.00.

11. The events, actions and/or omissions giving rise to this action occurred in Broward County, Florida.

12. Venue is proper within the Southern District of Florida because Manufacturer is subject to personal jurisdiction in this district and a substantial part of the events or omissions giving rise to the claim occurred in this district. 28 U.S.C. §1391.

## FACTS

13. On or about December 18, 2023, Skye Adjusting purchased the subject vehicle from Dadeland Automotive, LLC in Miami-Dade County, Florida for a total cash price of $118,077.00, exclusive of finance charges.

14. A true and correct copy of the retail installment sales contract is attached as Exhibit "A," which has been partially redacted to preserve privacy.

15. Following its purchase, Skye Adjusting transferred possession and beneficial use of the subject vehicle to Ms. Durow for household and personal use within the duration of the subject vehicle's express warranty.

16. Skye Adjusting did not retain any commercial use of the vehicle and transferred the vehicle to Ms. Durow to be used primarily for personal, family, or household purposes.

17. As a result of this transfer and intended use, Ms. Durow is a "consumer" under the MMWA, 15 U.S.C. § 2301(3), as a person to whom the product was transferred during the duration of an applicable written warranty and who is entitled to enforce the warranty.

18. At all times material, Plaintiffs were each entitled to enforce the written warranty under 15 U.S.C. § 2310(d)(1), as either the original purchaser or a subsequent transferee to whom the vehicle was transferred for purposes other than resale.

19. The subject vehicle qualifies as a "consumer product" under 15 U.S.C. § 2301(1), as it was manufactured and sold for use in personal, family, or household settings.

20. Manufacturer issued written warranties to the original purchaser, Skye Adjusting, which included a bumper-to-bumper limited warranty and a powertrain warranty ("Express

Warranty") as detailed in Exhibit "B."

21. The warranty provided coverage by way of promise to repair or replace defects or malfunctions arising from

22. The existence and availability of Manufacturer's express warranty formed a part of the basis of the bargain in Plaintiffs' purchase of the subject vehicle.

23. Shortly after delivery, Ms. Durow observed defects in the materials or workmanship of the vehicle, including a hood that dropped below the body line while in motion, a faulty hood latch, body panel misalignments, and damage to internal components such as the radiator support and center console.

24. These defects substantially impair the use, value, and safety of the vehicle, rendering it unreliable and unsafe for its intended purpose.

25. Plaintiffs properly maintained the vehicle in accordance with the service manual, and the defects were not caused by misuse, neglect, or environmental conditions.

26. Plaintiffs did not waive the warranty, misuse the vehicle, or fail to maintain the vehicle in accordance with the warranty terms.

27. Plaintiffs made multiple documented requests for repairs at Manufacturer's authorized dealerships, each of which failed to resolve the vehicle's persistent defects.

28. Plaintiffs provided timely notice to Manufacturer and afforded a reasonable number of opportunities to cure the defects under the Express Warranty, including written notice delivered prior to filing the instant lawsuit.

29. Despite being provided a reasonable number of attempts and adequate time to repair the subject vehicle, Manufacturer failed and refused to cure the substantial nonconformities in derogation of its obligations under the Express Warranty.

30. Manufacturer's refusal to perform covered repairs constitutes a breach of the Express Warranty.

31. Plaintiffs have retained undersigned counsel and are obligated to pay reasonable attorneys' fees.

## COUNT I
## BREACH OF EXPRESS WARRANTY UNDER MMWA 15 U.S.C. 2310(d)(1)
### (SKYE ADJUSTING, LLC)

32. Plaintiff Skye Adjusting incorporates and adopts paragraphs 1 to 31 as though fully set forth herein.

33. Skye Adjusting is a "consumer" as defined in the MMWA, 15 U.S.C, § 2301(3) as the purchaser of the vehicle.

34. The vehicle is a "consumer product" as defined in the MMWA, 15 U.S.C. § 2301(1) as it is tangible personal property which is distributed in commerce and which is normally used for personal, family, or household purposes.

35. The vehicle was manufactured and purchased after July 4, 1975.

36. The Express Warranty is a "written warranty" as defined in the MMWA, 15 U.S.C. § 2301(6).

37. The amount in controversy is well in excess of $50,000.00, exclusive of costs, interest and attorney's fees.

38. The defects and malfunctions within the vehicle are all component parts that are covered under the Express Warranty.

39. Manufacturer's failure and ultimate refusal to pay for repairs or replacement parts is a breach of the Express Warranty.

40. The vehicle continues to exhibit the same substantial non-conformities and malfunctions identified hereinabove which have not been rectified by the Manufacturer.

41. Manufacturer has been afforded reasonable opportunities to conform the vehicle to the Express Warranty.

42. The defects and malfunctions have impacted the vehicle's safety, use, value and reliability.

43. As a result of Manufacturer's breach of the Express Warranty, Skye Adjusting has suffered expenses, losses, and damages, including but not limited to loss of use of the vehicle, physical damage to the vehicle, and diminution of value.

44. All conditions precedent prior to bringing this action have occurred, have been performed, or have been waived.

45. Manufacturer's Express Warranty was not provided to Skye Adjusting until after the vehicle was delivered, nullifying any and all limitations, disclaimers, and/or dispute resolution provisions.

**WHEREFORE**, Plaintiff, SKYE ADJUSTING, LLC demands judgment against Defendant GENERAL MOTORS, LLC for all damages allowed by law including refund, diminution in value, consequential damages, costs, and attorney's fees.

### COUNT II
### BREACH OF EXPRESS WARRANTY UNDER MMWA § 2310(d)(1)
### (MADISON DUROW)

46. Ms. Durow incorporates and adopts paragraphs 1 to 31 as though fully set forth herein.

47. Ms. Durow is a "consumer" as defined in the MMWA, 15 U.S.C, § 2301(3) as someone to whom a consumer product is transferred during the duration of an implied or written warranty.

48. The vehicle is a "consumer product" as defined in the MMWA, 15 U.S.C. § 2301(1)

as it is tangible personal property which is distributed in commerce and which is normally used for personal, family, or household purposes.

49. The vehicle was manufactured and purchased after July 4, 1975.

50. The Express Warranty is a "written warranty" as defined in the MMWA, 15 U.S.C. § 2301(6).

51. The amount in controversy is well in excess of $50,000.00, exclusive of costs, interest and attorney's fees.

52. The defects and malfunctions within the vehicle are all component parts that are covered under the Express Warranty.

53. Manufacturer's failure and ultimate refusal to pay for repairs or replacement parts is a breach of the Express Warranty.

54. The vehicle continues to exhibit the same substantial non-conformities and malfunctions identified above which have not been rectified by the Manufacturer.

55. Manufacturer has been afforded a reasonable number of opportunities to conform the vehicle to the Express Warranty.

56. The defects and malfunctions have impacted the vehicle's safety, use, value and reliability.

57. As a result of Manufacturer's breach of the Express Warranty, Ms. Durow has suffered expenses, losses, and damages, including but not limited to loss of use of the vehicle, physical damage to the vehicle, and diminution of value.

58. All conditions precedent prior to bringing this action have occurred, have been performed, or have been waived.

**WHEREFORE**, Plaintiff, MADISON DUROW, demands judgment against Defendant GENERAL MOTORS, LLC for all damages allowed by law including refund, diminution in value, consequential damages, costs, and attorney's fees.

## JURY TRIAL DEMAND

Plaintiffs, MADISON DUROW, an individual, and SKYE ADJUSTING, LLC, a Florida limited liability company, hereby demand trial by jury of all issues so triable.

Respectfully Submitted,

/s/ Joshua Feygin
Joshua Feygin, Esq.
FLORIDA BAR NO: 124685
Email: Josh@sueyourdealer.com
**SUE YOUR DEALER - A LAW FIRM**
1930 Harrison Street
Suite 208 F
Hollywood, FL 33020
Telephone: (954) 228-5674
Facsimile: (954) 697-0357

## CERTIFICATE OF SERVICE

I hereby certify that on May 28, 2025, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will send notification to all counsel of record.

*/s/ Joshua Feygin*
Joshua Feygin, Esq.
FLORIDA BAR NO: 124685