UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

SKYE ADJUSTING, LLC,
A Florida limited liability company,
and MADISON DUROW, an individual,

      Plaintiffs,

vs.                                            CASE NO.: 1:24-CV-24742-KMW

GENERAL MOTORS LLC,

      Defendant.
_____/

**DEFENDANT GENERAL MOTORS LLC'S MOTION TO DISMISS**
**PLAINTIFFS' AMENDED COMPLAINT AND MEMORANDUM OF LAW**

Defendant General Motors LLC ("GM") hereby moves to dismiss Plaintiffs Skye Adjusting, LLC and Madison Durow's (collectively, "Plaintiffs") Amended Complaint. In support thereof, GM states:

**INTRODUCTION**

Plaintiff Madison Durow filed a Complaint [D.E. 1] regarding her alleged dissatisfaction with repairs to a 2024 Chevrolet Camaro bearing Vehicle Identification Number *************5556 ("subject vehicle"). The Complaint alleged a single count for breach of express warranty related to the subject vehicle under the Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. § 2310(d)(1). The Court dismissed the Complaint because Plaintiff-Durow failed to demonstrate that she suffered an injury-in-fact to confer Article III standing [D.E. 29].

Plaintiff-Durow and Plaintiff Skye Adjusting, LLC ("Skye") then filed an Amended Complaint alleging two counts of breach of express warranty under the MMWA, with one count on behalf of each Plaintiff, respectively. *See* [D.E. 30]. However, Plaintiffs' Amended Complaint

again fails to establish that Plaintiffs have sufficient standing to bring the alleged claims against GM for breach of warranty under the MMWA.

## MEMORANDUM OF LAW AND ARGUMENT

### A. Motion to Dismiss Standard

To overcome a motion to dismiss, a plaintiff must allege sufficient facts to state a claim for relief that is plausible on its face. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must include more than "labels and conclusions" and "a formulaic recitation of the elements of a cause of action will not do." *Id.* A complaint must include "allegations plausibly suggesting (not merely consistent with)" an entitlement to relief. *Id.* at 551, 569, 554-57, n. 14. (declining to take as true the conclusory allegation "upon information and belief" without enough facts to make the statement plausible). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678-79. Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* Where a plaintiff is unable to state a cause of action and further leave to amend the complaint is futile, claims should be dismissed with prejudice. *See Muhammad v. JPMorgan Chase Bank, NA*, 567 Fed. App'x 851, 853-54 (11th Cir. 2014); *Herrera v. TD Bank, N.A.,* 682 F.Supp.3d 1271, 1277 (S.D. Fla. 2023); *MSPA Claims I, LLC v. Tenet Fla., Inc.,* 318 F.Supp.3d 1349, 1357 (S.D. Fla. 2018), *aff'd,* 918 F.3d 1312 (11th Cir. 2019).

### B. Plaintiffs' Must Be a Consumer to Bring a MMWA Claim

"The Magnuson-Moss Warranty Act gives *consumers* a private right of action against warrantors for breach of warranty, as defined by state law." *Cardenas v. Toyota Motor Corporation*, 418 F.Supp.3d 1090, 1110 (S.D. Fla. September 30, 2019) (emphasis added). To

bring a claim under the MMWA, Plaintiffs must establish that they are "consumers" under the Act. *See* 15 U.S.C. § 2310(d)(1). Notably, the MMWA defines a "consumer" as "a buyer (other than for purposes of resale) of any consumer product, any person to whom such product is transferred during the duration of an implied or written warranty…applicable to the product, and any other person who is entitled by the terms of such warranty…to enforce against the warrantor…the obligations of the warranty." *See* 15 U.S.C. § 2301(3). As such, according to GM's applicable warranty, the "New Vehicle Limited [W]arranty is for Chevrolet vehicles registered in the United States and normally operated in the United States, and is provided to the original and any subsequent owners of the vehicle during the warranty period." *See* [D.E. 30-2 at p. 3].

     Plaintiffs' Amended Complaint alleges that Skye purchased the subject vehicle. *See* [D.E. 30 at ¶13-14 & D.E. 30-1]. Plaintiffs then allege that Skye transferred "possession and beneficial use" of the subject vehicle to Plaintiff-Durow, and did not retain any use of the vehicle. *See* [D.E. 30, ¶15-16]. Other than conclusory allegations that Skye transferred "possession and beneficial use" of the subject vehicle to Plaintiff-Durow, there are no allegations that Skye relinquished "ownership" of the subject vehicle, and further, the Amended Complaint does not contain any exhibits or attachments that evidence or otherwise support Plaintiff-Durow's ownership of same. Importantly, if Skye *did not* relinquish "ownership" of the subject vehicle, only Skye would be the "consumer" able to bring a MMWA claim against GM. However, if the conclusory allegations about transferring "possession and beneficial use" of the subject vehicle are sufficient to convey "ownership" on Plaintiff-Durow, then only Plaintiff-Durow is capable of being a "consumer" and enforcing any breach of warranty claim under the MMWA against GM. Based on the allegations of the Amended Complaint, either Skye or Plaintiff-Durow lack

standing to bring a claim under the MMWA, because based on the alleged transfer of "possession and use" of the subject vehicle—one but not both Plaintiffs are the owner of the vehicle for purposes of the MMWA and GM's warranty. *Id*. at ¶¶13-17; *see also* [D.E. 30-1].

### C. Lack of Standing

As previously articulated by the Court, "standing is a 'threshold question in every federal case, determining the power of the court to entertain the suit.'" *Lewis v. Mercedes-Benz USA, LLC*, 530 F.Supp.3d 1183 (S.D. Fla. March 30, 2021). A plaintiff must demonstrate standing by showing that they have suffered an injury-in-fact, the injury can be traced to the challenged conduct of a defendant, and the injury is likely to be redressed by a favorable judicial decision. *See Spokeo, Inc. v. Robins,* 578 U.S. 330, 338 (2016). "An injury-in-fact is 'an invasion of a legally protected interest.'" *Valiente v. Unilever United States, Inc.*, 2022 WL 18587887, *5 (S.D. Fla. December 8, 2022). As a result of the alleged transfer from Skye to Plaintiff-Durow as alleged in the Amended Complaint, Skye did not suffer an injury-in-fact that can be redressed under the MMWA, as Skye allegedly relinquished ownership and control of the subject vehicle. Following the alleged transfer, Skye lacks standing to bring a claim for breach of express warranty. As such, Count I of Plaintiffs' Amended Complaint should be dismissed.

Alternatively, Plaintiff-Durow lacks standing to bring a claim under the MMWA because she did not purchase the subject vehicle, does not possess an ownership interest in the subject vehicle, and therefore, cannot plausibly allege an injury as it relates to the alleged issues with subject vehicle. *See* [D.E. 30-1]. As the Court has previously recognized, the Retail Installment Sales Contract attached to the Amended Complaint lists Skye as the lone purchaser of the subject vehicle. *Id*. Plaintiffs' conclusory allegation that Skye transferred "possession and beneficial use," but not "ownership" of the subject vehicle to Plaintiff-Durow, appears to cast Plaintiff-

4

Durow's alleged MMWA claim in serious doubt. Plaintiffs' conclusory allegations of an alleged transfer, without more, also appears to be contradicted by the Retail Installment Sales Contract attached to the Amended Complaint. *Id*. There is no evidence establishing Plaintiff-Durow's ownership of the subject vehicle, and therefore, Plaintiff-Durow cannot demonstrate that she is a consumer under the MMWA who has standing to enforce the subject warranty. *See* 15 U.S.C. §§ 2301(3) & 2310(d)(1). Therefore, she cannot sufficiently allege an injury and Count II of the Amended Complaint must be dismissed.

**WHEREFORE**, Defendant General Motors LLC respectfully requests this Court enter an Order dismissing Count I of Plaintiffs' Amended Complaint for lack of standing, or alternatively, an Order dismissing Count II of Plaintiffs' Amended Complaint for lack of standing, and for any other relief as this Court deems just and proper.

## CERTIFICATE OF COMPLIANCE

LOCAL RULE 7.1(a)(2) CERTIFICATION: Undersigned counsel has attempted via email on June 10, 2025 and June 11, 2025 to resolve the issues addressed herein with Plaintiffs' counsel and the Parties were unable to resolve the issues addressed herein.

Respectfully submitted,

s/ *Jens C. Ruiz*
JENS C. RUIZ
Florida Bar No. 96119
Primary Email:   jruiz@rumberger.com
Secondary Email: jruizsecy@rumberger.com
                 docketingmiami@rumberger.com
RUMBERGER, KIRK & CALDWELL, P.A.
Post Office Box 1873
Orlando, Florida  32802-1873
Telephone:  (407) 872-7300
*Attorneys for Defendant General Motors LLC*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 11, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: **Joshua Feygin, Sue your Dealer – A Law Firm at josh@jfeyginesq.com [Counsel for Plaintiffs].**

s/*Jens C. Ruiz*
_____
JENS C. RUIZ
Florida Bar No. 96119
Primary Email:    jruiz@rumberger.com
Secondary Email: jruizsecy@rumberger.com
                                 docketingmiami@rumberger.com
RUMBERGER, KIRK & CALDWELL, P.A.
Post Office Box 1873
Orlando, Florida  32802-1873
Telephone:  (407) 872-7300
*Attorneys for Defendant General Motors LLC*