UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

SKYE ADJUSTING, LLC,
A Florida limited liability company,
and MADISON DUROW, an individual,

      Plaintiffs,

vs.                                  CASE NO.: 1:24-CV-24742-KMW

GENERAL MOTORS LLC,

      Defendant.
_____/

**DEFENDANT GENERAL MOTORS LLC'S REPLY TO PLAINTIFFS' RESPONSE IN OPPOSITION TO MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT**

Defendant General Motors LLC ("GM") replies to Plaintiffs Skye Adjusting, LLC and Madison Durow's (collectively, "Plaintiffs") Response in Opposition to GM's Motion to Dismiss Plaintiffs' Amended Complaint [D.E. 45], and states the following in support of its Motion to Dismiss [D.E. 41] :

1. Plaintiffs' Amended Complaint contains two counts (one for each Plaintiff) alleging breach of warranty under the Magnuson-Moss Warranty Act ("MMWA") for dissatisfaction with repairs to a 2024 Chevrolet Camaro ("subject vehicle"). *See* [D.E. 30].

2. Notably, the MMWA was "intended to increase enforceability of warranties and protect 'the ultimate user of the product.'" *Cerasani v. American Honda Motor Co.*, 916 So.2d 843, 845 (Fla. 2d DCA 205). Plaintiffs must therefore establish that they are "consumers" under the MMWA. *See* 15 U.S.C. § 2310(d)(1). The MMWA has three categories to define a "consumer" under the statutory framework: "[1] a buyer (other than for purposes of resale) of any consumer product, [2] any person to whom such product is transferred during the duration of an implied or written warranty…applicable to the product, and [3] any other person who is entitled by the terms

of such warranty…to enforce against the warrantor…the obligations of the warranty." *See* 15 U.S.C. § 2301(3). Here, Plaintiffs' Amended Complaint insufficiently pleads who is the ultimate user and/or the consumer of the subject vehicle, and therefore, which Plaintiff sustained an injury-in-fact.

3.   According to the Amended Complaint, Skye Adjusting LLC ("Skye") purchased the subject vehicle on December 18 2023, but did not retain any use of the vehicle and instead transferred "possession and beneficial use" of the subject vehicle to Plaintiff Durow. *See* [D.E. 30 at ¶¶ 13-15]. As such, the Amended Complaint fails to demonstrate that Skye suffered an injury-in-fact as required to establish standing, because Skye allegedly transferred possession and use of the subject vehicle to Plaintiff Durow.

4.   Alternatively, the Retail Installment Sales Contract attached to the Amended Complaint as an exhibit lists Skye as the lone purchaser and owner of the subject vehicle. The Amended Complaint fails to properly plead the transfer details of the subject vehicle by Skye to Plaintiff Durow, and instead, vaguely alleges that Skye only transferred possession and beneficial use of the vehicle to Plaintiff Durow.

5.   By its own terms, GM's written New Vehicle Limited Warranty's warranty period begins "on the date the vehicle is first delivered or put to use…" *See* [D.E. 30-2 at p. 5]. However, given that Plaintiffs' Amended Complaint is silent as to when Skye made the alleged transfer to Plaintiff Durow, it's not evident if the transfer occurred prior to the start of GM's written New Vehicle Limited Warranty or after the Warranty started. *See Voelker v. Porsche Cars North America, Inc.,* 353 F.3d 516, 524 (7th Cir. 2003) (the plaintiff's failure to allege that the vehicle was transferred to him during the duration of the new car limited warranty warrants dismissal of the MMWA claim because the plaintiff did not qualify as a consumer under the MMWA's second

categorical definition of consumer). If the subject vehicle was transferred to Plaintiff Durow after Skye's purchase of it but prior to the subject vehicle's delivery and/or use, she would not qualify as a consumer under the MMWA's second category. *See* 15 U.S.C. § 2301(3).

6. Moreover, if as alleged, Plaintiff Durow was merely transferred possession and beneficial use of the subject vehicle, but not an ownership interest in it, she could not enforce the written New Vehicle Limited Warranty against GM under the MMWA's third categorical definition of consumer either. This is because GM's Warranty applies to "the original and any subsequent owners of the vehicle during the warranty period." *See* [D.E. 30-2 at p. 5].[1] Consequently, because Plaintiff Durow does not fall within one of the three categories of the definition of consumer under the MMWA, Plaintiff Durow lacks standing to bring a claim.

WHEREFORE, Defendant General Motors LLC respectfully requests that this Court enter an Order dismissing Count I of Plaintiffs' Amended Complaint for lack of standing, or alternatively, an Order dismissing Count II of Plaintiffs' Amended Complaint for lack of standing, and for such other relief as this Court deems just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 23, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: **Joshua Feygin, Sue your Dealer – A Law Firm at josh@jfeyginesq.com [Counsel for Plaintiffs].**

---

[1] The Retail Installment Sales Contract attached to the Amended Complaint confirms that Skye and not Plaintiff Durow was the buyer of the subject vehicle, and therefore, Plaintiff Durow does not fall within the ambit of the first categorical definition of consumer under the MMWA. *See* [D.E. 30-1]; 15 U.S.C. § 2301(3).

s/*Jens C. Ruiz*
JENS C. RUIZ
Florida Bar No. 96119
Primary Email:     jruiz@rumberger.com
Secondary Email: jruizsecy@rumberger.com
                              docketingmiami@rumberger.com
RUMBERGER, KIRK & CALDWELL, P.A.
Post Office Box 1873
Orlando, Florida  32802-1873
Telephone:  (407) 872-7300
*Attorneys for Defendant General Motors LLC*

4