UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

SKYE ADJUSTING, LLC,
A Florida limited liability company,
and MADISON DUROW, an individual,

      Plaintiffs,

vs.                                          CASE NO.: 1:24-CV-24742-KMW

GENERAL MOTORS LLC, a foreign limited
liability company,

      Defendant.
_____/

## GENERAL MOTORS LLC'S ANSWER AND DEFENSES TO PLAINTIFFS' SECOND AMENDED COMPLAINT

General Motors LLC ("GM") hereby files this Answer and Defenses to Plaintiffs' Second Amended Complaint, and states the following:

1. Regarding the Introduction and Paragraphs 4, 18, 19, 20, and 21 of the Second Amended Complaint, GM admits that it is a Delaware limited liability company authorized to do business in Florida, and it issued a written New Vehicle Limited Warranty (the "Warranty") applicable to the 2024 Chevrolet Camaro, VIN: 1G1FK3D63R0115556 ("Subject Vehicle"). GM admits that the Warranty is attached to Plaintiffs' Second Amended Complaint as Exhibit "B." The Warranty terms speak for themselves. GM denies all other allegations within these Paragraphs.

2. GM is without sufficient knowledge to admit or deny the allegations in Paragraphs 1, 2, 3, 11, 12, 13, 14, 15, 16, 17, 22, 23, 24, 25, 27, 28, 29, 30, 31, 32, 33, 34, 42, 43, 59, 77, 83, 84, 86, 90, 102, and 106.

3. Regarding Paragraphs 46, 47, 51, 52, and 53, GM admits that Plaintiff-Durow brought the Subject Vehicle to an independent dealer authorized to service GM vehicles under GM's Warranty. GM denies all other allegations within these Paragraphs.

4. Regarding Paragraphs 57, 68, 69, 70, 71, 72, 73, 74, GM admits that it communicated with Plaintiff-Durow regarding alleged defects. GM admits that Plaintiff-Durow rejected GM's offer to inspect the Subject Vehicle and/or to perform any repairs to the Subject Vehicle.

5. Regarding Paragraphs 88 and 104, GM admits the Subject Vehicle was manufactured after July 4, 1975.

6. Regarding Paragraphs 89 and 105, GM admits the Warranty is a "written warranty" as defined by 15 U.S.C. § 2301(6).

7. GM denies all allegations of the Second Amended Complaint not specifically admitted.

**DEFENSES**

GM demands judgment in its favor based upon the following defenses:

1. GM has not breached its Warranty if the Subject Vehicle's alleged defects have been corrected. Plaintiffs' claim is based upon an alleged breach of GM's Warranty. A copy of the Warranty, including its terms, conditions, and exclusions, is attached as Exhibit "B" to Plaintiffs' Second Amended Complaint.

2. GM has not breached its Warranty to the extent the alleged defects are not covered by the Warranty. Plaintiffs' claim is based upon an alleged breach of GM's Warranty. A copy of the Warranty, including its terms, conditions, and exclusions, is attached as Exhibit "B" to Plaintiffs' Second Amended Complaint.

3. GM has not breached its Warranty to the extent to one or both Plaintiffs to the extent that one or both Plaintiffs is not an "owner" of the Subject Vehicle. Plaintiffs' claim is based upon an alleged breach of GM's Warranty. A copy of the Warranty, including its terms, conditions, and exclusions, is attached as Exhibit "B" to Plaintiffs' Second Amended Complaint. The Warranty only applies to the "original and any subsequent owners of the [Subject] [V]ehicle."

4. Plaintiffs failed to comply with all conditions precedent to bringing a cause of action under the Magnuson-Moss Warranty Act because Plaintiffs failed to afford GM a reasonable opportunity to cure the alleged breach of warranty as required by 15 U.S.C. § 2310 (e). The Magnuson-Moss Act requires a consumer to provide the warrantor an opportunity to cure the alleged breach of warranty. A Manufacturer can cure an alleged breach by providing repair, replacement or refund, however Plaintiffs refused to allow GM to inspect and/or repair the Subject Vehicle.

5. There has been no violation of the Magnuson-Moss Warranty Act because GM attempted to cure any alleged breach of warranty by offering to inspect and repair the subject vehicle, but Plaintiffs refused and/or declined GM's offer to cure.

6. GM's Warranty does not cover slight noises, vibrations, or other normal characteristics of the vehicle. Plaintiffs' claim is based upon alleged breach of GM's Warranty. A copy of the Warranty, including its terms, conditions, and exclusions, is attached as Exhibit "B" to Plaintiffs' Second Amended Complaint.

7. GM's Warranty does not cover corrosion caused by environmental conditions, chemical treatments, and/or aftermarket products. Plaintiffs' claim is based upon alleged breach of GM's Warranty. A copy of the Warranty, including its terms, conditions, and exclusions, is attached as Exhibit "B" to Plaintiffs' Second Amended Complaint.

8. To the extent the alleged defects resulted from misuse, abuse, accident, neglect, modifications, the use of aftermarket and/or non-GM parts, or improper maintenance, they are not covered by the Warranty, and GM is not responsible for the damages alleged by Plaintiffs and may not be held liable for same. Plaintiffs' claim is based upon an alleged breach of GM's Warranty. A copy of the Warranty, including its terms, conditions, and exclusions, is attached as Exhibit "B" to Plaintiffs' Second Amended Complaint.

9. GM's warranty disclaims and excludes liability for incidental and consequential damages. Plaintiffs' claim is based upon an alleged breach of GM's Warranty. A copy of the Warranty, including its terms, conditions, and exclusions, is attached as Exhibit "B" to Plaintiffs' Second Amended Complaint.

10. Florida Statutes Sections 672.719 is not applicable to Plaintiffs' claims against GM because Plaintiffs did not purchase the Subject Vehicle from GM and therefore no sales or transactional privity exists between Plaintiffs and GM, as required by Florida law.

11. To the extent Plaintiffs failed to use reasonable care to mitigate any alleged damages by taking reasonable measures to prevent or minimize the losses claimed as damages in this matter, Plaintiffs' claims are barred or diminished. Plaintiffs failure to mitigate their damages include, but are not limited to, failing to allow GM to inspect and/or repair the Subject Vehicle.

12. GM is entitled to a set off for monies received through a judgment, settlement, or otherwise by Plaintiffs from any party or non-party to this action in relation to the damages alleged in the Second Amended Complaint.

13. GM reserves the right to plead any and all additional defenses that may become known during discovery.

WHEREFORE, General Motors LLC respectfully requests this Court to enter judgment in its favor.

**DEMAND FOR JURY TRIAL**

General Motors LLC demands a trial by jury as to all issues so triable.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 26, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: **Joshua Feygin, Sue your Dealer – A Law Firm at josh@jfeyginesq.com [Counsel for Plaintiff].**

s/*Jens C. Ruiz*
JENS C. RUIZ
Florida Bar No. 96119
Primary Email:    jruiz@rumberger.com
Secondary Email: jruizsecy@rumberger.com
                 docketingmiami@rumberger.com
BRENT D. HARTMAN
Florida Bar No. 106382
Primary Email:    bhartman@rumberger.com
Secondary Email: bhartmansecy@rumberger.com
                 docketingorlando@rumberger.com
RUMBERGER, KIRK & CALDWELL, P.A.
Post Office Box 1873
Orlando, Florida  32802-1873
Telephone:  (407) 872-7300
*Attorneys for Defendant General Motors LLC*